MORGAN, LEWIS & BOCKIUS LLP
Rita E. Tautkus (SBN 162090)
rtautkus@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Telephone:  (415) 442-1000
Facsimile:  (415) 442-1001

Attorney for Defendants
LG ELECTRONICS INC. and LG ELECTRONICS U.S.A., INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nazomi Communications, Inc., | Case No. 3:10-cv-05545-CRB |
| Plaintiff, | **LG ELECTRONICS INC. AND LG ELECTRONICS U.S.A., INC.'S ANSWER AND COUNTERCLAIMS TO COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | |
| Samsung Telecommunications, Inc., et al., | |
| Defendants. | **JURY TRIAL DEMANDED** |

Defendants LG Electronics Inc. ("LGE") and LG Electronics U.S.A., Inc. ("LGEUS") (collectively, "LG") hereby submit their Answer and Counterclaims to Plaintiff Nazomi Communications, Inc.'s ("Nazomi's") Complaint For Patent Infringement ("Complaint") as follows:

**JURISDICTION AND VENUE**

1.     LG admits that this action purportedly arises under the patent laws of the United States, Title 35 of the United States Code.  LG denies any remaining allegations in this paragraph of the Complaint.

2.     LG admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1338(a) over actions arising under the patent laws of the United States.  LG is without knowledge or information sufficient to determine whether Nazomi has standing to bring this

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
DB1/66679501.3
1
LG DEFENDANTS' ANSWER AND
COUNTERCLAIMS, CASE NO. 3:10-CV-05545-CRB

1  action, and on that basis, LG denies that this Court has subject matter jurisdiction over this action.

2  LG denies any remaining allegations in this paragraph of the Complaint as they state legal

3  conclusions that do not require a response.

4          3.      LG does not challenge that, for the purposes of this Complaint only, venue is

5  proper in this judicial district.  LG is without sufficient knowledge or information to form a belief

6  as to the truth of the allegations set forth in this paragraph of the Complaint as directed to the

7  other defendants and therefore denies the same.  LG denies any remaining allegations in this

8  paragraph of the Complaint as they state legal conclusions that do not require a response.

9                                      **PARTIES**

10         4.      LG is without sufficient knowledge or information to form a belief as to the truth

11  of the allegations set forth in this paragraph of the Complaint and therefore denies the same.

12         5.      LG admits that LGE is a corporation organized and existing under the laws of

13  Korea and has a principal place of business at LG Twin Towers 20, Yeouido-dong,

14  Yeongdeunspo-gu, Seoul 150-721, Korea.  LG admits that LGEUS is a corporation organized and

15  existing under the laws of Delaware and has a principal place of business at 1000 Sylvan Avenue,

16  Englewood Cliffs, New Jersey 07632.  LG admits that the Complaint purports to refer to LGE

17  and LGEUS collectively as "LG."  LG denies any remaining allegations in this paragraph of the

18  Complaint.

19         6.      LG is without sufficient knowledge or information to form a belief as to the truth

20  of the allegations set forth in this paragraph of the Complaint and therefore denies the same.

21         7.      LG is without sufficient knowledge or information to form a belief as to the truth

22  of the allegations set forth in this paragraph of the Complaint and therefore denies the same.

23         8.      LG is without sufficient knowledge or information to form a belief as to the truth

24  of the allegations set forth in this paragraph of the Complaint and therefore denies the same.

25                                    **BACKGROUND**

26         9.      LG is without sufficient knowledge or information to form a belief as to the truth

27  of the allegations set forth in this paragraph of the Complaint and therefore denies the same.

28         10.     LG admits that U.S. Patent No. 7,080,362 ("the '362 patent") on its face indicates

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB1/66679501.3

2

that it issued on July 18, 2006 and is entitled "Java Virtual Machine Hardware for RISC and CISC Processors." LG admits that a copy of what appears to be the '362 Patent is attached to the Complaint as Exhibit 1. LG is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in this paragraph of the Complaint and therefore denies the same.

11.     LG admits that U.S. Patent No. 7,225,436 ("the '436 patent") on its face indicates that it issued on May 29, 2007 and is entitled "Java Hardware Accelerator Using Microcode Engine." LG admits that a copy of what appears to be the '436 Patent is attached to the Complaint as Exhibit 2. LG is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in this paragraph of the Complaint and therefore denies the same.

12.     LG admits that U.S. Patent No. 6,338,160 ("the '160 patent") on its face indicates that it issued on January 8, 2002 and is entitled "Constant Pool Reference Resolution Method." LG admits that a copy of what appears to be the '160 Patent is attached to the Complaint as Exhibit 3. LG is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in this paragraph of the Complaint and therefore denies the same.

13.     LG is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and therefore denies the same.

14.     LG is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and therefore denies the same.

15.     LG is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and therefore denies the same.

16.     LG is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and therefore denies the same.

17.     LG admits that LGE has made, used, sold, and/or offered for sale consumer electronic devices including the LX370 mobile phone. LG admits that the LX370 mobile phone includes an ARM926EJ-S processor core. LG denies that it has made, used, sold, or offered for

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB1/66679501.3

3

LG DEFENDANTS' ANSWER AND
COUNTERCLAIMS, CASE NO. 3:10-CV-05545-CRB

1    sale the LX370 mobile phone or any other mobile phone in this judicial district or elsewhere in

2    the United States.  LG is without sufficient knowledge or information to form a belief as to the

3    truth of the allegation that an ARM926EJ-S processor core is capable of Java hardware

4    acceleration and therefore denies the same.  LG denies any remaining allegations set forth in this

5    paragraph of the Complaint.

6         18.     LG admits that LGE has made, used, sold, and/or offered for sale consumer

7    electronic devices including the Ally VS740 mobile phone.  LG denies that it has made, used,

8    sold, or offered for sale the Ally VS740 mobile phone or any other mobile phone in this judicial

9    district or elsewhere in the United States.  LG is without sufficient knowledge or information to

10   form a belief as to the truth of the allegation that the Ally VS740 mobile phone uses a virtual

11   machine to resolve constant pool references.  LG denies any remaining allegations set forth in this

12   paragraph of the Complaint.

13        19.     LG is without sufficient knowledge or information to form a belief as to the truth

14   of the allegations set forth in this paragraph of the Complaint and therefore denies the same.

15        20.     LG is without sufficient knowledge or information to form a belief as to the truth

16   of the allegations set forth in this paragraph of the Complaint and therefore denies the same.

17                               **COUNT I**

18                 **(ALLEGED INFRINGEMENT OF THE '362 PATENT)**

19        21.     LG incorporates each of the preceding paragraphs 1-20 as if fully set forth herein.

20        22.     LG denies that it directly infringed or is directly infringing the '362 patent.  LG

21   denies any remaining allegations of this paragraph of the Complaint to the extent that they are

22   directed to LG or its products.  LG is without sufficient knowledge or information to form a belief

23   as to the truth of the remaining allegations set forth in this paragraph of the Complaint and

24   therefore denies the same.

25        23.     LG denies that it has committed any act of infringement of the '362 patent and

26   denies that its actions have caused or will cause any injury or damage to Nazomi.  LG denies any

27   remaining allegations of this paragraph of the Complaint to the extent that they are directed to

28   LG.  LG is without sufficient knowledge or information to form a belief as to the truth of the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB1/66679501.3                                    4

                                                      LG DEFENDANTS' ANSWER AND
                                                      COUNTERCLAIMS, CASE NO. 3:10-CV-05545-CRB

1  remaining allegations set forth in this paragraph of the Complaint and therefore denies the same.

2  **COUNT II**

3  **(ALLEGED INFRINGEMENT OF THE '436 PATENT)**

4  24.    LG incorporates each of the preceding paragraphs 1-23 as if fully set forth herein.

5  25.    LG denies that it directly infringed or is directly infringing the '436 patent.  LG

6  denies any remaining allegations of this paragraph of the Complaint to the extent that they are

7  directed to LG or its products.  LG is without sufficient knowledge or information to form a belief

8  as to the truth of the remaining allegations set forth in this paragraph of the Complaint and

9  therefore denies the same.

10  26.    LG denies that it has committed any act of infringement of the '436 patent and

11  denies that its actions have caused or will cause any injury or damage to Nazomi.  LG denies any

12  remaining allegations of this paragraph of the Complaint to the extent that they are directed to

13  LG.  LG is without sufficient knowledge or information to form a belief as to the truth of the

14  remaining allegations set forth in this paragraph of the Complaint and therefore denies the same.

15  **COUNT III**

16  **(ALLEGED INFRINGEMENT OF THE '160 PATENT)**

17  27.    LG incorporates each of the preceding paragraphs 1-26 as if fully set forth herein.

18  28.    LG denies that it directly infringed or is directly infringing the '160 patent.  LG

19  denies any remaining allegations of this paragraph of the Complaint to the extent that they are

20  directed to LG or its products.  LG is without sufficient knowledge or information to form a belief

21  as to the truth of the remaining allegations set forth in this paragraph of the Complaint and

22  therefore denies the same.

23  29.    LG denies that it has committed any act of infringement of the '160 patent and

24  denies that its actions have caused or will cause any injury or damage to Nazomi.  LG denies any

25  remaining allegations of this paragraph of the Complaint to the extent that they are directed to

26  LG.  LG is without sufficient knowledge or information to form a belief as to the truth of the

27  remaining allegations set forth in this paragraph of the Complaint and therefore denies the same.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB1/66679501.3

5

LG DEFENDANTS' ANSWER AND
COUNTERCLAIMS, CASE NO. 3:10-CV-05545-CRB

### RESPONSE TO NAZOMI'S PRAYER FOR RELIEF

The allegations in the paragraphs of the Complaint requesting relief are in the nature of prayer. Although no answer is required, and LG denies that Nazomi is entitled to any form of relief, LG responds to Nazomi's individual requests for relief as follows:

a)      LG denies that it has infringed or is presently infringing the '362, '436 or '160 patents. Nazomi's request for judgment of infringement with regard to LG should, therefore, be denied in its entirety with prejudice. With respect to Nazomi's request for a judgment in its favor with regard to the other defendants, LG lacks sufficient knowledge or information to form a belief as to whether Nazomi is entitled to such a judgment, and on that basis denies the same.

b)      LG denies that the '362, '436 or '160 patents are valid. Nazomi's request for judgment of validity and enforceability should, therefore, be denied in its entirety with prejudice.

c)      LG denies that it has infringed any or all or the '362, '436 or '160 patents, and denies that Nazomi is entitled to any damages or other monetary relief from LG. Nazomi's request for judgment with regard to LG should, therefore, be denied in its entirety with prejudice, and Nazomi should take nothing from LG. With respect to Nazomi's request for a judgment in its favor with regard to the other defendants, LG lacks sufficient knowledge or information to form a belief as to whether Nazomi is entitled to the relief sought or any relief whatsoever, and on that basis denies the same.

d)      LG denies that Nazomi is entitled to any reasonable attorneys' fees, expenses or costs pursuant to 35 U.S.C. § 285. Nazomi's request for judgment with regard to LG should, therefore, be denied in its entirety with prejudice.

e)      LG denies that Nazomi is entitled to any injunctive relief against LG pursuant to 35 U.S.C. § 283 or otherwise. Nazomi's request for judgment with regard to LG should, therefore, be denied in its entirety with prejudice. With respect to Nazomi's request for a permanent injunction with regard to the other defendants, LG lacks sufficient knowledge or information to form a belief as to whether Nazomi is entitled to the relief sought or any relief whatsoever, and on that basis denies the same.

f)      LG denies that Nazomi is entitled to any relief against LG whatsoever. Nazomi's

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB1/66679501.3

6

LG DEFENDANTS' ANSWER AND
COUNTERCLAIMS, CASE NO. 3:10-CV-05545-CRB

1  various requests for judgment with regard to LG should, therefore, be denied in their entirety with

2  prejudice.

3  **AFFIRMATIVE DEFENSES**

4      LG asserts the following affirmative defenses ("Affirmative Defenses") without assuming

5  any burden of proof that rightfully should be placed on Nazomi:

6  **FIRST AFFIRMATIVE DEFENSE**

7      30.    Nazomi's Complaint fails to state facts sufficient to state a cause of action and

8  fails to state any claim against LG upon which relief may be granted.

9  **SECOND AFFIRMATIVE DEFENSE**

10      31.    LG has not infringed and does not infringe, jointly, directly, contributively, or by

11  inducement, any valid and enforceable claim of any of the '362, '436 and '160 patents

12  (collectively "Patents-in-Suit"), either literally or under the doctrine of equivalents.

13  **THIRD AFFIRMATIVE DEFENSE**

14      32.    One or more claims of the Patents-in-Suit are invalid for failure to meet the

15  requirements of one or more sections of Title 35, United States Code, and/or Title 37, Code of

16  Federal Regulations, including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103 and

17  112.

18  **FOURTH AFFIRMATIVE DEFENSE**

19      33.    Nazomi's claims against LG are barred, in whole or in part, by the doctrines of

20  prosecution history estoppel and disclaimer.

21  **FIFTH AFFIRMATIVE DEFENSE**

22      34.    Nazomi's claims against LG are barred, in whole or in part, by the doctrines of

23  laches, estoppel, and/or waiver.

24  **SIXTH AFFIRMATIVE DEFENSE**

25      35.    Nazomi's claims against LG for recovery are barred, in whole or in part, for failure

26  to notify and therefore comply with the requirements of 35 U.S.C. § 287.

27  **SEVENTH AFFIRMATIVE DEFENSE**

28      36.    Nazomi's claims against LG for recovery are time-barred, in whole or in part, by

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB1/66679501.3

LG DEFENDANTS' ANSWER AND
COUNTERCLAIMS, CASE NO. 3:10-CV-05545-CRB

1   35 U.S.C. § 286.

2   <center>**EIGHTH AFFIRMATIVE DEFENSE**</center>

3      37.     A preliminary or permanent injunction would be improper in this case under the

4   legal standards for injunctions because, among other things, Nazomi is not competing with LG,

5   Nazomi has not suffered any irreparable harm, and the balance of hardships and public interest do

6   not favor an injunction in this case.

7   <center>**NINTH AFFIRMATIVE DEFENSE**</center>

8      38.     The claims and parties in this action are improperly joined under FED. R. CIV.

9   P. 20 because there are questions of law or fact that are not common to all of the defendants, and

10  Nazomi's Complaint should be dismissed or, in the alternative, its claims against LG should be

11  severed for trial.

12  <center>**TENTH AFFIRMATIVE DEFENSE**</center>

13     39.     To the extent that Nazomi asserts that LG has committed or is committing indirect

14  infringement of any of the Patents-in-Suit, LG is not liable for its acts alleged to have been

15  performed before LG knew that its actions could cause infringement.

16  <center>**ELEVENTH AFFIRMATIVE DEFENSE**</center>

17     40.     Nazomi's claims against LG for recovery are barred, in whole or in part, by 35

18  U.S.C. § 288.

19  <center>**TWELFTH AFFIRMATIVE DEFENSE**</center>

20     41.     Nazomi's remedies, if any, are limited under and constrained by 28 U.S.C. §

21  1498(a).

22  <center>**RIGHT TO AMEND ANSWER**</center>

23     42.     LG reserves the right to amend its answer to assert further defenses based on

24  future investigation and discovery.

25

26  <center>**<u>COUNTERCLAIMS FOR DECLARATORY JUDGMENT</u>**</center>

27     LG for its Counterclaims alleges as follows and hereby demands a jury trial on all issues

28  so triable:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB1/66679501.3

<center>8</center>

**PARTIES**

1.      LG Electronics Inc. ("LGE") is a foreign corporation organized and existing under the laws of Korea, with its principal place of business at LG Twin Towers, 20, Yeouido-dong, Yeongdeungpo-gu, Seoul 150-721, South Korea.

2.      LG Electronics U.S.A., Inc. ("LGEUS") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

3.      In the Complaint, Nazomi avers that it is the owner and possessor of all rights, title and interest in the Patents-in-Suit.

**JURISDICTION AND VENUE**

4.      The Court has personal jurisdiction over Nazomi by virtue of Nazomi's Complaint.

5.      To the extent that this action remains in this District, venue is appropriate for LG's Counterclaims because Nazomi has consented to the propriety of venue in this Court by filing its claims for patent infringement in this Court.

**COUNT I**

**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '362 PATENT)**

6.      LG incorporates and realleges paragraphs 1-42 of its Answer, each of its Affirmative Defenses, and paragraphs 1-5 of its Counterclaims.

7.      By its Complaint, Nazomi alleges that LG has infringed the '362 Patent, and that it is entitled to relief for LG's alleged infringement of the '362 Patent.  LG has denied these allegations and contends that it does not infringe the '362 Patent or any valid and enforceable claims thereof.  A justiciable controversy therefore exists between Nazomi and LG.  Because this Counterclaim arises under the Patent Laws, Title 35 of the United States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. § 2201 *et seq.*

8.      By this Counterclaim, LG seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that it does not infringe the '362 Patent or any valid and enforceable claims thereof.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB1/66679501.3                                   9

LG DEFENDANTS' ANSWER AND
COUNTERCLAIMS, CASE NO. 3:10-CV-05545-CRB

9.      A judicial declaration is necessary and appropriate at this time in order that LG may ascertain its rights and duties with respect to the '362 Patent.

## COUNT II

## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '436 PATENT)

10.      LG incorporates and realleges paragraphs 1-42 of its Answer, each of its Affirmative Defenses, and paragraphs 1-9 of its Counterclaims.

11.      By its Complaint, Nazomi alleges that LG has infringed the '436 Patent, and that it is entitled to relief for LG's alleged infringement of the '436 Patent.  LG has denied these allegations and contends that it does not infringe the '436 Patent or any valid and enforceable claims thereof.  A justiciable controversy therefore exists between Nazomi and LG.  Because this Counterclaim arises under the Patent Laws, Title 35 of the United States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. § 2201 *et seq*.

12.      By this Counterclaim, LG seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that it does not infringe the '436 Patent or any valid and enforceable claims thereof.

13.      A judicial declaration is necessary and appropriate at this time in order that LG may ascertain its rights and duties with respect to the '436 Patent.

## COUNT III

## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '160 PATENT)

14.      LG incorporates and realleges paragraphs 1-42 of its Answer, each of its Affirmative Defenses, and paragraphs 1-13 of its Counterclaims.

15.      By its Complaint, Nazomi alleges that LG has infringed the '160 Patent, and that it is entitled to relief for LG's alleged infringement of the '160 Patent.  LG has denied these allegations and contends that it does not infringe the '160 Patent or any valid and enforceable claims thereof.  A justiciable controversy therefore exists between Nazomi and LG.  Because this Counterclaim arises under the Patent Laws, Title 35 of the United States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. § 2201 *et seq*.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB1/66679501.3

10

LG DEFENDANTS' ANSWER AND
COUNTERCLAIMS, CASE NO. 3:10-CV-05545-CRB

16.     By this Counterclaim, LG seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that it does not infringe the '160 Patent or any valid and enforceable claims thereof.

17.     A judicial declaration is necessary and appropriate at this time in order that LG may ascertain its rights and duties with respect to the '160 Patent.

**COUNT IV**

**(DECLARATORY JUDGMENT OF INVALIDITY OF THE '362 PATENT)**

18.     LG incorporates and realleges paragraphs 1-42 of its Answer, each of its Affirmative Defenses, and paragraphs 1-17 of its Counterclaims.

19.     By its Complaint, Nazomi alleges that LG has infringed the '362 Patent.  LG has denied this allegation and contends that the '362 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.  A justiciable controversy therefore exists between Nazomi and LG.  Because this Counterclaim arises under the Patent Laws, Title 35 of the United States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. § 2201 *et seq.*

20.     By this Counterclaim, LG seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that the '362 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

21.     A judicial declaration is necessary and appropriate at this time in order that LG may ascertain its rights and duties with respect to the '362 Patent.

**COUNT V**

**(DECLARATORY JUDGMENT OF INVALIDITY OF THE '436 PATENT)**

22.     LG incorporates and realleges paragraphs 1-42 of its Answer, each of its Affirmative Defenses, and paragraphs 1-21 of its Counterclaims.

23.     By its Complaint, Nazomi alleges that LG has infringed the '436 Patent.  LG has denied this allegation and contends that the '436 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.  A justiciable controversy therefore exists between Nazomi and LG.  Because this Counterclaim arises under the Patent Laws, Title 35 of the United States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. § 2201 *et seq.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB1/66679501.3

11

LG DEFENDANTS' ANSWER AND
COUNTERCLAIMS, CASE NO. 3:10-CV-05545-CRB

24.     By this Counterclaim, LG seeks a declaratory judgment pursuant to 28 U.S.C. §

2201(a) that the '436 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

25.     A judicial declaration is necessary and appropriate at this time in order that LG

may ascertain its rights and duties with respect to the '436 Patent.

<div align="center">

**COUNT VI**

**(DECLARATORY JUDGMENT OF INVALIDITY OF THE '160 PATENT)**

</div>

26.     LG incorporates and realleges paragraphs 1-42 of its Answer, each of its

Affirmative Defenses, and paragraphs 1-25 of its Counterclaims.

27.     By its Complaint, Nazomi alleges that LG has infringed the '160 Patent.  LG has

denied this allegation and contends that the '160 Patent is invalid under 35 U.S.C. §§ 101, 102,

103, and/or 112.  A justiciable controversy therefore exists between Nazomi and LG.  Because

this Counterclaim arises under the Patent Laws, Title 35 of the United States Code, this Court has

subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. § 2201 *et*

*seq.*

28.     By this Counterclaim, LG seeks a declaratory judgment pursuant to 28 U.S.C. §

2201(a) that the '160 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

29.     A judicial declaration is necessary and appropriate at this time in order that LG

may ascertain its rights and duties with respect to the '160 Patent.

<div align="center">

**PRAYER FOR RELIEF**

</div>

WHEREFORE, LG respectfully requests the following relief:

A.      That Nazomi's Complaint be dismissed with prejudice, and that Nazomi take

nothing by way of its Complaint;

B.      That Nazomi is not entitled to any of its requested relief, or any relief whatsoever;

C.      Declaratory Judgment that claims of the Patents-in-Suit are invalid;

D.      Declaratory Judgment that LG has not directly infringed, contributed to the

infringement of, or induced the infringement of any valid and enforceable claim of the Patents-in-

Suit, literally or under the doctrine of equivalents, or under any subsection of 35 U.S.C. § 271;

E.      That LG be awarded its costs and disbursements in this action;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB1/66679501.3

12

LG DEFENDANTS' ANSWER AND
COUNTERCLAIMS, CASE NO. 3:10-CV-05545-CRB

1    F.    That this case be declared as exceptional pursuant to 35 U.S.C. § 285 in favor of

2    LG and that LG be awarded its reasonable attorneys' fees and costs in this action; and

3    G.    That LG be granted such other and further relief as this Court deems just and

4    proper.

5                                **DEMAND FOR JURY TRIAL**

6    In accordance with FED. R. CIV. P. 38(b), LG demands a trial by jury on all issues so

7    triable.

8    Dated: March 11, 2011                           MORGAN, LEWIS & BOCKIUS LLP

9

10                                                   By /s/ Rita E. Tautkus

11                                                   RITA E. TAUTKUS
                                                     Attorney for Defendants
12                                                   LG ELECTRONICS INC. and LG
                                                     ELECTRONICS U.S.A., INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB1/66679501.3                                  13

LG DEFENDANTS' ANSWER AND
COUNTERCLAIMS, CASE NO. 3:10-CV-05545-CRB